### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **RUBAROC, INC.,** | § | |
| **A Texas Corporation** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-cv-0080** |
| | § | |
| **RUBCORP, LLC** | § | |
| **BRIAN FIELD,** | § | |
| **Defendants** | § | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

I.   REASONS SUPPORTING OPPOSITION TO MOTION .......................................................1

II.  SUMMARY ................................................................................................................2

ARGUMENT AND AUTHORITIES .................................................................................2

III. DEFENDANTS' MOTION SHOULD BE DENIED ..........................................................2

   A.   The legal standard for a valid pleading ..............................................................2

   B.   Plaintiff Did not File a Shotgun Complaint. .........................................................4

   C.   Plaintiff is Entitled to Sue Defendants Under the Lanham Act. ..........................7

   D.   Plaintiff has asserted Facts to Support Claims of Misappropriation of Trade Secrets and

Passing/Palming off Under TUTSA ...................................................................10

   E.   Plaintiff is Entitled to Injunctive Relief. .............................................................11

IV.  CONCLUSION ...........................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806, 810 n. 1 (5th Cir. 1989)...........12

*Am. Rice, Inc. v. Producers Rice Mill, Inc*., 518 F.3d 321, 329 (5th Cir. 2008) ..................................10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ....................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)...............................................................3, 4

*Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.,* 165 F.3d 221, 233-34 (3d Cir. 1998)...............8

*Copeland v. Axion Mortg. Grp. LLC*, 2016 WL 4250431, at *4 (S.D. Miss. August 11, 2016) ............6

*Doe v. Hillsboro Indep. Sch. Dist*., 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113
   F.3d 1412 (5th Cir. 1997) (en banc)................................................................................................4

*Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995).......................................................................10

*Finance Inv. Co. v Geberit AG*, 165 F.3d 526, 531 (7th Cir. 1998) ......................................................8

*Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).........................................................3

*Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002) ................4

*Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ...........................................3

*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009..................................2, 3

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).........................................................10

*Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977) ...........................................................4

*McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)................................................................3

*McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) ...............................3

*Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012)..............................................................3

*Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014)...............................................7

*Procter & Gamble Co. v. Amway Corp.,* 242 F.3d 539, 562-63 (5th Cir. 2001) ...................................8

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).................................................3

*See Neitzke v. Williams,* 490 U.S. 319, 327 (1989)..............................................................................3

*Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) .........................................................................2

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)...............4

**Statutes**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) ........................................................................8

**Other Authorities**

4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, §§ 32:3, 32:18 (4th ed.

1998) .............................................................................................................................8

**Rules**

Fed.R.Civ.P. 8(a) .......................................................................................................2

Fed.R.Civ.P. 9(b) .......................................................................................................2

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, RUBAROC, USA INC., a Delaware Corporation ("Rubaroc"), files its Response in Opposition to the Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) filed by Defendants RUBCORP DISTRIBUTION, LLC., and RUBCORP, LLC (together "RubCorp") and BRIAN FIELD ("Field").

## I.    REASONS SUPPORTING OPPOSITION TO MOTION

1.    Pursuant to the Local Rules, Plaintiff Rubaroc provides this concise statement of the reasons in opposition to the motion.

2.    Plaintiff has appropriately and adequately stated a claim against Defendants for Trademark Infringement, because Plaintiff is assignee/exclusive licensee of the Rubaroc trademark and has plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for the alleged misconduct (intentional, direct use of the Rubaroc trademark).

3.    Plaintiff has appropriately and adequately stated additional, closely related claims against Defendants for Misappropriation of Trade Secrets, passing or palming off, trademark infringement under Texas law, and tortious interference with business relationships because Plaintiff has plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for the alleged misconduct (intentional, direct use of the Rubaroc trademark in competition with Plaintiff).

4.    Plaintiff's Amended Complaint is not a "shotgun" complaint as alleged by Defendants, Plaintiff has made specific allegations against each Defendant identifying the Defendants conduct that creates Plaintiff's claims for relief.

5.    Plaintiff's Amended Complaint is not a "shotgun" complaint as alleged by Defendants, because the same facts can be used to state more than one claim, and Plaintiff need not repeat those facts, which would only create repetitive statements.

6.      Plaintiff has filed a Second Amended Complaint contemporaneously with this response.  The Second Amended Complaint changed the following information:  (a)  Plaintiff is the assignee/exclusive licensee of the Rubaroc trademark, (b) attached Exhibits A-D that were referenced in Plaintiff's First Amended Complaint (but inadvertently not attached to Amended Complaint, but were attached to Original Petition), (c) removed RubCorp Distribution LLC as a Defendant, (d) corrected a typographical error in the prayer and (e) removed tortious interference claim.

## II.      SUMMARY

7.      RubCorp and Field intentionally used the Rubaroc name and registered trademark in communications to Rubaroc customers.  See Exs A-D to Second Amended Complaint.  Plaintiff has alleged sufficient factual content to demonstrate Field's and RubCorp's actions that give rise to a claim of relief under each of the claims filed by Plaintiff.  The Exhibits to the Complaint demonstrate a factual basis for each of Plaintiff's claims against the Defendants.  Plaintiff has provided examples of RubCorp, LLC using the Rubaroc name in its communications with customers and vendors without the appropriate authority.  These actions by Defendants provides a factual basis for each of Plaintiff's asserted claims.

8.      Plaintiff's Complaint provides enough details to satisfy the pleading requirements under Fed.R.Civ.P. 8(a) and Fed.R.Civ.P. 9(b).  As discussed below, Plaintiff has plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

## ARGUMENT AND AUTHORITIES
### III.      DEFENDANTS' MOTION SHOULD BE DENIED

**A.      The legal standard for a valid pleading**

9.      A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) The complaint

must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

10.    The purpose of a motion to dismiss is to test the sufficiency of the Complaint, not to rule on its merits.  See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In analyzing the motion, the court must accept the well-pleaded allegations as true, and view those allegations in the light most favorable to plaintiff.  *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

11.    To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement, ' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

12.     The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**B.     Plaintiff Did not File a Shotgun Complaint.**

13.     Plaintiff filed suit against Brian Field, its former employee, who, as explained in its pleading, has stolen and used the Rubaroc trademark -- not a likeness or a close replica, but the actual trademark—to solicit jobs using Rubaroc confidential information and trade secrets. Plaintiff's Second Amended Complaint Par. 7-13.

14.     Plaintiff also sued RubCorp, LLC, Field's new company that is now acting in direct

competition to Rubaroc.  Plaintiff has identified the specific conduct of both Field and RubCorp as follows:

15.    Defendants and the Court can be certain and easily ascertain that Plaintiff asserts the following actions by each Defendant in its Second Amended Complaint (identical to Amended Complaint):

a.  Field misappropriated Rubaroc, USA LLC and changed its name to RubCorp.  (Par. 8).

b.  Field and RubCorp continue to use the Rubaroc name in soliciting customers and clients away from Rubaroc. (Par. 9)

c.  Field also uses the name RubCorp, with a logo that is similar to the Rubaroc logo and causes confusion with the Rubaroc business.  (Par. 9)

d.  Field and RubCorp have used the Rubaroc name in quotes, invoices, and purchase orders for products.  See Exhibits A-D.  (Par. 10)

e.  Field and RubCorp continue to use the Rubaroc name when needed to aquire business they could not otherwise obtain without using the Rubaroc name. (Par. 10)

f.  Field has misappropriated Rubaroc trade secrets and products by taking possession of products from vendors that were intended to be for the sole use of Rubaroc, and material he could only obtain using the Rubaroc account and name.  (Par. 11)

g.  Field and RubCorp have also sold installation services to current clients of Rubaroc, by underbidding the jobs, because of Field's intimate knowledge with the Rubaroc prices and processes.  (Par. 11)

h.  Field and RubCorp also continue to use the installation processes created by Rubaroc and that Rubaroc trained Field to do.  Now Field and RubCorp are using these trade secrets in direct competition with Rubaroc.  (Par. 11)

i.  Field, on behalf of RubCorp, has made false statements about his affiliation with Rubaroc.  Field has stated that RubCorp is the same company as Rubaroc, but the Company had been reorganized.  (Par. 12)

j.  RubCorp had an employee disguise herself as an employee of Rubaroc to take the space that had been reserved for Rubaroc.  RubCorp still attended this event, and used Rubaroc trade secrets and assets in its booth at the trade show.  (Par. 12)

k.  RubCorp has also misappropriated Rubaroc property.  RubCorp is using the Rubaroc leased warehouse to continue its operations.  RubCorp also is using materials ordered on behalf of Rubaroc to complete the jobs it is bidding.  RubCorp even ordered materials under the Rubaroc name.  RubCorp could not order these materials in its own name.  (Par. 13)

16.    Despite these specific allegations against the two parties, Defendants assert that Plaintiff's Complaint is a shotgun complaint because defendants have been lumped together.

*Copeland v. Axion Mortg. Grp. LLC*, 2016 WL 4250431, at *4 (S.D. Miss. August 11, 2016). Defendants merely recite the standard for a shotgun complaint, but wholly fail to read the Plaintiff's specific allegations against the Defendants.  Defendants reliance on *Copeland* is unpersuasive because Copeland involved completely different pleading circumstances.  In *Copeland*, the Plaintiffs named 16 distinct parties, plus John Does 1-20 and ABC Corporations 1-20, as Defendants, and "indiscriminately refer to alleged wrongdoing committed by 'Defendants' without specifying which particular defendant did what."  The Court was concerned that the Court and the Defendants were unable to determine which Defendants were being sued under which claim for relief.

17.     In the current matter, Plaintiff has identified two Defendants, Brian Field, an individual, and RubCorp (his company).[1]  Plaintiff has attached exhibits to its Complaint that demonstrates the direct use of the Rubaroc trademark by RubCorp and by Field.  Plaintiff's Second Amended Complaint Par. 10 and Exs. A-D.  Plaintiff identified the specific actions of Field.  *Id* at Par. 8.  Plaintiff also does not lump the Defendants' together under the definition of Defendants, rather Plaintiff refers to them by name, some references are to one Defendant, and some to both Defendants. *Id.* at Pars. 8-13.  Plaintiff has tried to make it clear that both Field and RubCorp, LLC are liable for all plead claims of relief based upon their actions.

18.     Defendant further asserts that Plaintiff has filed a shotgun complaint, because Plaintiff "incorporated by reference the preceding paragraphs."   Again, Defendants recite the standard, but then fails to explain how in Plaintiff's Complaint the use of incorporation lead to any confusion or a failure to reasonably tie the facts to each of Plaintiff's claims for relief.

19.     Plaintiff filed claims of relief against Field and RubCorp for Trademark Infringement (both Federal and State), and State Law unfair trade practices (misappropriation of trade secrets and passing or palming off.  Plaintiff asserts that these claims are related to the point that the facts

---

[1] Plaintiff initially included RubCorp Distribution, LLC, but after review of Exhibits for a second time, Plaintiff has

supporting one also supports the others.   Certainly, the claims are so closely related that the Defendants can identify the misconduct alleged against both Defendants.

20.     In reviewing Defendants' supportive case law, the facts of their cited cases show shotgun pleadings that were much further off-base then the current matter.  Defendant cites *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) for the idea that incorporation of preceding facts allows for dismissal.  In *Paylor,* the Court did not dismiss Plaintiff's complaint, because it incorporated too many facts.  *Id.* Rather, the Court provided an admonishment to all counsel on what to avoid, and what procedural measures might have saved both sides considerable time, expense, and heartache. *Id.* Remarkably, Plaintiff's counsel in *Paylor* admitted at oral argument that the complaint did not the pleading standard. *Id.* Plaintiff does not make such admission here, but rather clearly stated factual allegations against each Defendant.

21.     *Paylor* counsel had plead no facts to support the FMLA claim, rather the complaint only stated that there is a statute called the FMLA, cursory allegations that Defendant violated such Act by interfering/denying leave to Plaintiff, and by retaliating against Plaintiff for exercising a right under the Act.  *Id.*  The *Paylor* Court found this not to provide a specific factual allegation of how defendant had interfered and/or retaliated.  *Id.*

22.     In the current matter, Plaintiff pleads factual content that allows the Court to draw the reasonable inference that Defendants are liable for the alleged misconduct on each of Plaintiff's claims for relief.   Defendants' Motion to Dismiss based on an allegation of a shotgun complaint should be denied, in the alternative, if granted, Plaintiff requests twenty-one days to file an Amended Complaint to comply with any findings by this Court.

**C.     Plaintiff is Entitled to Sue Defendants Under the Lanham Act.**

23.     Plaintiff's Complaint satisfies the requirements of Fed.R.Civ.P. 9(b).  Defendants have

removed reference to this Defendant.

plead each of the elements of a claim under the Lanham Act.

24.    Plaintiff sued Field and RubCorp under the Lanham Act.  Plaintiff is suing Defendants under §§ 32(1) and 43(a) of the Lanham Act. Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), creates a cause of action for a trademark "registrant" when a defendant uses a registered trademark without consent. This claim is only available to a trademark registrant or its assignee. *Finance Inv. Co. v Geberit AG*, 165 F.3d 526, 531 (7th Cir. 1998) relying on 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, §§ 32:3, 32:18 (4th ed. 1998) (citing cases).  Plaintiff asserts rights as an assignee of the registered trademark.

25.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), creates a cause of action for "any person who believes that he or she is likely to be damaged" by a defendant's false designations of origin and misleading representations of fact that are likely to cause confusion as to origin or sponsorship.  Plaintiff asserts ownership rights and exclusive use of the Rubaroc registered trademark and is a "person that is likely to be damaged" by Defendants continued intentional use of the Rubaroc trademark.

26.     In determining prudential standing under the Lanham Act, The Fifth Circuit has adopted the test articulated by the Third Circuit in *Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.,* 165 F.3d 221, 233-34 (3d Cir. 1998). *See Procter & Gamble Co. v. Amway Corp.,* 242 F.3d 539, 562-63 (5th Cir. 2001) ("*P & G* "). Under this test, Courts consider five factors relevant to the prudential standing analysis: "(1) the nature of the plaintiff's alleged injury . . . (2) the directness or indirectness of the asserted injury; (3) the proximity or remoteness of the party to the alleged injurious conduct; (4) the speculativeness of the damages claim; and (5) the risk of duplicative damages or complexity in apportioning damages." *Id.* at 563. Although technically distinct, these five factors can be distilled into an essential inquiry, i.e., whether, in light of the competitive relationship between the parties, there is a sufficiently direct link between the asserted injury and the alleged false advertising.

*Cf. id.* at 562 n. 51 (citing Restatement (Third) of Unfair Competition § 3 cmt. f (1995)).

27.     Plaintiff states in its Complaint that it owns the proprietary rights for the registered Trademark.   Plaintiff has shown that Defendants are using the Rubaroc name within its own commercial documents.   See Ex. A-D of Complaint.   Plaintiff alleges that Defendants are in direct competition with Plaintiff and are using Plaintiff's trademark and name to solicit business from Plaintiff's customers.   Plaintiff's Second Amended Complaint Par. 12.

28.     Moreover, Defendants' intentional use of the Rubaroc mark shows the likelihood of confusion between RubCorp and Rubaroc.   Specifically, the Exhibits attached to the Complaint demonstrate the following:

a.   RubCorp sent a quotation/order to Wayne Cloud for Garage Floor Resurfacing on 11/29/2018, and such quote was signed by Paul van Wylick, (purportedly) on behalf of Rubaroc USA.  Ex. A.

b.   Elizabeth Hernandez (with an email for RubCorp) submits a change request for a trade show and Log In for Field, and she uses Rubaroc USA in her signature block (review of original shows that it was changed to Rubaroc USA for this communication).  Ex. C

c.   RubCorp sent an invoice to Eric Hilt on 11/19/2018, the Invoice included the Rubaroc name in the header for the invoice, and the customer copy of the credit card receipt. Ex. D.

29.     It is inexplicable that Defendants would argue that such use is not likely to cause confusion.  In fact, the email demonstrates that Field and RubCorp were intentionally trying to cause confusion and use the Rubaroc name to gain access to Rubaroc property.  Ex. A demonstrates that RubCorp is using the Rubaroc name to solicit customers for Rubber safety surfacing for a garage floor, so using a trademark in the same business as the Rubaroc registration.  Plaintiff further alleges that RubCorp and Field continue to make such sales while using the Rubaroc name. *Id.* at Par. 12. These allegations meet the elements of an infringement claim and demonstrate Plaintiff's right to relief.  Plaintiff must plead that a defendant "uses (1) any reproduction, counterfeit, copy or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods; (5) where such use is likely to cause

confusion, or to cause mistake or to deceive." *Am. Rice, Inc. v. Producers Rice Mill, Inc*., 518 F.3d 321, 329 (5th Cir. 2008)

30.      The purpose of a complaint is to give fair notice to a defendant and the Plaintiff's complaint provides ample facts to give more than fair notice to Defendants and to enable Defendants to respond and attempt to defend against their intentional actions of using the Rubaroc mark and name.

31.      Defendants' Motion to Dismiss as it relates to Plaintiff's Lanham Act claims should be denied or if granted, Plaintiff be given the opportunity to amend to respond to any findings by this Court.  If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

**D.      Plaintiff has asserted Facts to Support Claims of Misappropriation of Trade Secrets and Passing/Palming off Under TUTSA**

32.      Plaintiff has plead facts to establish a basis for a claim for relief under Texas Uniform Trade Secret Act, and  in support of each element of a claim as follows.  First, a plaintiff must plead that the information alleged to be trade secret derives independent economic value from not being generally known to or readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

33.      To satisfy this element, Plaintiff alleges that Field gained access to Rubaroc's trade secrets, including but not limited to the Rubaroc confidential formula for preparing products for installation, its product lines, vendors, installation processes, and other confidential information to sell and install rubber safety surfaces using the Rubaroc name.  Plaintiff's Complaint Par. 8.

34.      Second, a Plaintiff must plead that the confidential information was subject to reasonable efforts to maintain the secrecy of the alleged proprietary information.  Rubaroc asserts that

it has compiled trade secrets and confidential proprietary information, including but not limited to formula of its products, its installation processes, customer lists, pricing of projects, and employee information (the "Trade Secrets"). *Id.* at Par. 19.  These trade secrets and confidential proprietary information are not generally known to Rubaroc's competitors or the public, were acquired or developed through the expenditure of substantial time, effort, and expense by Rubaroc and give Rubaroc an advantage over competitors who do not know or use these trade secrets and confidential and proprietary information Rubaroc treated all of this information as confidential.  *Id.*

35.     Third, Plaintiff has to plead that the information was misappropriated by improper means.  Plaintiff asserts that Field was  fully aware of the confidential and valuable nature of Rubaroc's trade secrets and confidential proprietary information as described herein.   *Id.* at 20.  As former employee for Rubaroc, Field is obligated not to disclose this information. *Id.*  Plaintiff further asserts that RubCorp, being run by Field, is a direct competitor of Rubaroc, in an identical or substantially similar business process involves the use and disclosure of Rubaroc's trade secret and proprietary and confidential information in violation of Texas law.   *Id.* at 21.

36.     Finally, Plaintiff must assert that RubCorp and Field's misappropriation caused injury. Plaintiff asserts that RubCorp uses Field's knowledge to prepare materials for installation, to perform installations, and to underbid Rubaroc. *Id.*

**E.     Plaintiff is Entitled to Injunctive Relief.**

37.     Defendants continue to use the Rubaroc mark in its advertising to compete directly with Rubaroc.  Defendants continue these actions despite the issuance of a Temporary Restraining Order previously issued in State Court and terminated when Defendants removed to Federal Court.

38.     Defendants exhibit no remorse, nor demonstrated the intent to discontinue the intentional use of Rubaroc's intellectual property, its good will, its trade secrets, and the actions that cause harm to Rubaroc.

39.     Plaintiff has plead the specific actions of Defendants that demonstrate a likelihood of success on the merits.   Importantly, Plaintiff has provided the Court and Defendants with three specific intentional, undeniable acts of infringement and unfair competition.  *Id.* at Exhibits A-D.

40.     Plaintiff asserts irreparable harm will continue if Defendants are not enjoined.  *Id.* at 17.  The Fifth circuit has recognized that the damage incurred by the loss of control over one's mark cannot always be quantified. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806, 810 n. 1 (5th Cir. 1989) (affirming a finding of irreparable harm, based on damage to plaintiff's goodwill caused by consumer confusion, and stating: "We have recognized that a finding of irreparable harm is appropriate even where economic rights are involved when the nature of those rights makes 'establishment of the dollar value of the loss ... especially difficult or speculative.' ").   Certainly, Plaintiff's allegations raise this accepted irreparable harm, and Plaintiff's pleading is sufficient to pursue injunctive relief.

41.     Plaintiff asserts that the irreparable harm arises from the direct confusions between the two entities caused by Defendants' actions.  *Id.* at 10-12.  Plaintiff Is Entitled to Injunctive Relief and Defendant's Motion to Dismiss should be DENIED.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss Plaintiff's Complaint, or in the alternative to provide Plaintiff with the opportunity to amend its Complaint, if necessary.   Plaintiff requests all other legal and equitable relief to which it may be justly entitled.

Respectfully submitted,


/s/ Mark A. Mayer
Virginia N. Hammerle
State Bar No.:  14907600
E-mail:  vnh@hammerle.com
Mark A. Mayer
State Bar Card No. 24004389
E-Mail Address:  mmayer@hammerle.com
HAMMERLE FINLEY LAW FIRM
2871 Lake Vista Drive, Suite 100
Lewisville, Texas 75067
Tel: (972) 436-9300
Fax: (972) 436-9000
ATTORNEY FOR RUBAROC


## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd of March, 2019 a true and correct copy of the foregoing document was electronically filed with the clerk of the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys registered for service in the court's ECF system for this case:

| Carlisle A. Braun<br>T. Chase Garrett<br>Scheef & Stone, L.L.P.<br>2600 Network Boulevard, Suite 400<br>Frisco, Texas 75034<br>Telephone: (214) 472-2100<br>Facsimile: (214) 472-2150<br>ATTORNEYS FOR DEFENDANTS | X | Via CM/ECF:<br>carlisle.braun@solidcounsel.com<br>chase.garrett@solidcounsel.com |
| --- | --- | --- |

 /s/ Mark A. Mayer
Mark A. Mayer